# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL L. SPARKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 3:18-cv-00232 |
| ) | **CHIEF JUDGE CRENSHAW** |
| **STATE OF TENNESSEE and PAUL** ) | |
| **DeWITT,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Michael L. Sparks, an inmate currently confined at the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the State of Tennessee and Paul DeWitt. Plaintiff has also filed an application to proceed *in forma pauperis*. (Doc. Nos. 2 and 3.)

**I.   Application to Proceed as a Pauper**

A prisoner bringing a civil action may be authorized to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's *in forma pauperis* application that he lacks sufficient financial resources from which to pay the full filing fee in advance, Plaintiff's application (Doc. No. 2) will be granted. Plaintiff nonetheless remains responsible for paying the full $350.00 filing fee, and so the fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

**II.   Initial Review**

The Court is required to conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court must construe a *pro se* complaint liberally, United States v. Smotherman, 838 F.3d 736 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiff alleges that, as of early July 2016, Joseph Sharper was the landlord of the property where Anthony Lewis and Plaintiff's longtime friend Pam Crawley lived. (Doc. No. 1 at 6.) Plaintiff alleges that he lived at this residence as well (id. at 8), but also alleges that he stayed at the mission and his nephew's house around this time. (Id. at 6.) Crowley was killed at this residence. (Id. at 8.) Plaintiff is currently incarcerated and facing a first degree murder charge for the death of Pam Crowley. (Id. at 6, 8.) Plaintiff maintains his innocence. (Id. at 6–8.) According to Plaintiff, "the DA has no evidence linking [him] to this murder," and "[n]one of the evidence at hand ties [him] to this murder." (Id. at 7–8.) Plaintiff seeks monetary damages for pain and suffering and loss of wages. (Id. at 7.)

### B. Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft

2

v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**C.    Discussion**

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)).

Plaintiff alleges that he has been wrongly accused and incarcerated for Crowley's murder, and asserts claims against the State of Tennessee and Paul DeWitt for defamation of character and false imprisonment. (Doc. No. 1 at 7.) There is a cause of action for false imprisonment under § 1983 where a plaintiff can "prove that the [defendants] lacked probable cause to arrest the plaintiff." Garner v. Harrod, 656 F. App'x 755 (6th Cir. 2016) (quoting Voyticky v. Vill. of Timberlake, 412 F.3d 669, 677 (6th Cir. 2005)). In this circumstance, however, the Court must abstain from considering Plaintiff's claim due to the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).

"The Supreme Court's decision in Younger v. Harris, 'counsels federal-court abstention when there is a pending state proceeding' and 'reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal

plaintiff.'" Meyers v. Franklin Cty. Court of Common Pleas, 23 F. App'x 201, 204 (6th Cir. 2001) (quoting Moore v. Sims, 442 U.S. 415, 423 (1979)). Thus, "[t]o abstain under Younger, '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" Hill v. Snyder, 878 F.3d 193, 206 (6th Cir. 2017) (quoting Squire v. Coughlan, 469 F.3d 551, 555 (6th Cir. 2006)). Although no party has raised the issue, the Court may determine whether the Younger abstention doctrine applies at this juncture. Id. at 206 n.3 (citing Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976)).

Here, all three factors supporting Younger abstention are present. First, Plaintiff has alleged that he is facing on-going state criminal proceedings "on a 1st degree murder charge." Second, "state criminal proceedings involve important state interests." Gonnella v. Johnson, 115 F. App'x 770, 771–72 (6th Cir. 2004) (citing Cooper v. Parrish, 203 F.3d 937, 954 (6th Cir. 2000)). And third, Plaintiff's claims in this case are all based on the same essential premise—that there is not sufficient evidence to support the murder charge currently pending against Plaintiff in state court. Plaintiff's state-court proceedings provide an adequate opportunity to raise constitutional challenges to the sufficiency of the evidence against him. Moreover, Plaintiff "bear[s] the burden of showing that state procedural law barred presentation of [his] constitutional claims." Nimer v. Litchfield Twp. Bd. of Trs., 707 F.3d 699, 701 (6th Cir. 2013) (citing Fed. Exp. Corp v. Tenn. Pub. Serv. Comm'n, 925 F.2d 962, 970 (6th Cir. 1991)). Plaintiff has not satisfied that burden here.

The exceptions to Younger abstention—"bad faith, harassment, or flagrant unconstitutionality"—also do not apply in this case. See Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n, 498 F.3d 328, 335 (6th Cir. 2007) (citing Squire, 469 F.3d at 557). In a

sense, Plaintiff's allegation that the district attorney does not have any evidence linking him to Crowley's murder is essentially an allegation of bad faith. However, the exceptions to Younger abstention "have been interpreted narrowly," Gorenc v. City of Westland, 72 F. App'x 336, 339 (6th Cir. 2003) (citing Zalman v. Armstrong, 802 F.2d 199, 205 (6th Cir. 1986)), and conclusory allegations of bad faith do not suffice. See Gonnella, 115 F. App'x at 772 (finding that the exceptions to Younger abstention did not apply where the plaintiff "alleged that his prosecution was in bad faith, but raised nothing more than conclusory allegations to support his claim").

Where, as here, a plaintiff seeks only monetary damages rather than "equitable or otherwise discretionary relief," the Court "must stay the case instead of exercising its discretion in deciding to dismiss the case." Nimer, 707 F.3d at 702 (discussing Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996)). Accordingly, the Court will stay this action pending the resolution of Plaintiff's state criminal proceedings.

**III.   Conclusion**

For these reasons, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) will be granted, this action will be stayed pending the resolution of Plaintiff's state criminal proceedings, and the Clerk will be directed to administratively close the case. An appropriate Order is filed herewith.

							_____
							WAVERLY D. CRENSHAW, JR.
							CHIEF UNITED STATES DISTRICT JUDGE